STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 1308

BERNARD GIBSON

VERSUS

JALOU CASH'S, LLC, CASH MAGIC WINNERS, AND SCOTTSDALE
INSURANCE COMPANY

Judgment rendered: **JUL 1 7 2020**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
No. 2017-0002326, Div. "C"

The Honorable Robert H. Morrison, III, Judge Presiding

* * * * *

| | |
|---|---|
| Lawrence Black Jones<br>Stephen F. Armbruster<br>New Orleans, Louisiana | Attorneys for Plaintiff/Appellant<br>Bernard Gibson |
| Scott Davis<br>Metairie, Louisiana | Attorney for Defendant/Appellee<br>Jalou Cash, Cash Magic, Scottsdale<br>Insurance |

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

Plaintiff, Bernard Gibson, appeals a judgment sustaining a peremptory exception raising the objection of prescription and granting a motion for summary judgment in favor of defendants, Jalou Cash's, LLC, Cash Magic Amite, LLC, and Scottsdale Insurance Company (collectively "defendants"). We affirm.

## BACKGROUND

On August 18, 2017, Mr. Gibson filed this lawsuit against defendants, alleging that on or about August 19, 2016, he was a guest at Forest Gold Truck Plaza & Casino in Amite, Louisiana, when a large speaker fell from the ceiling onto his head. He alleged that he sustained severe injuries to his neck, back, and shoulders as a result of the incident and sought to recover damages from defendants based on negligence and strict liability causes of action.

On April 9, 2019, defendants filed a peremptory exception raising the objection of prescription and a motion for summary judgment. In support of the exception and the motion, defendants offered evidence showing that the subject incident occurred on August 13, 2016, not on August 19, 2016, as alleged in Mr. Gibson's petition. In light of this evidence, defendants claimed that the lawsuit, filed on August 18, 2017, more than one year after the date of the accident, had prescribed.

Defendants supported the motion and exception with evidence of three reports of the incident listing the date thereof as August 13, 2016. These documents included both a handwritten and typed incident report compiled by casino personnel, as well as a Weiser Security Services, Inc. report. Additionally, defendants offered the deposition testimony of Mr. Gibson, a letter of representation from Mr. Gibson's attorney to Forest Gold Truck Plaza and Casino, and two letters from Nationwide's claims adjuster to Mr. Gibson's attorney.

2

In the representation letter, dated September 19, 2016, Mr. Gibson's attorney advised the casino that he was representing Mr. Gibson for an incident that occurred at the casino on August 19, 2016. Mr. Gibson's attorney requested that the letter be forwarded to the company's general liability carrier and asked that the company contact the attorney or his office if it had any "information, questions, or comments."

On October 25, 2016, a Nationwide claims representative sent a letter to Mr. Gibson's attorney acknowledging receipt of the letter of representation for Mr. Gibson. The letter assigned Mr. Gibson a claim number and listed the date of loss as "August 19, 2016." In the letter, Mr. Gibson's attorney was advised that the loss was under investigation, and he was asked to provide additional information regarding the facts of the incident. The attorney was asked to make Mr. Gibson available for a recorded statement and to provide details regarding Mr. Gibson's injuries and treating physician. The claims adjuster provided contact information and requested that Mr. Gibson's attorney contact her if he had any questions or needed additional information.

On November 1, 2016, Nationwide's claims representative sent another letter to Mr. Gibson's attorney advising that the policy contained Medical Payment Coverage with a limit of $1,000.00 per claimant and that medical expenses must be incurred by Mr. Gibson and reported to the insurer within one year of the date of the accident. This Medical Payment Coverage was offered to Mr. Gibson, and his attorney was asked whether Mr. Gibson was making a bodily injury claim. The letter lists the date of the loss as "August 19, 2016."

Mr. Gibson testified in his deposition that on the evening of the accident, he went to the casino with two friends. He stated that while he was playing one of the machines, something fell from the ceiling and hit him on the head. Mr. Gibson

3

testified that after the object fell from the ceiling and hit him, he was covered in a white substance and was "in a daze." Following the incident, Mr. Gibson was first approached by a casino hostess, Candy, who took pictures and gave him a glass of water. Mr. Gibson recalled that Candy asked if he was alright, but he could not remember what he told her. He also recalled that a security guard, who had been standing near the machine where Mr. Gibson was playing, wrote up a report after asking Mr. Gibson for his address and telephone number. Mr. Gibson recounted that someone told him a speaker had fallen on him and inquired whether he wanted an ambulance. Mr. Gibson, who was wheel-chair bound and had a lengthy hospital stay in the past, declined to go to the hospital. He testified that as soon as he came to his "senses," he told his companions to take him out of the casino. Mr. Gibson's friends drove him home, where Mr. Gibson's girlfriend also lived. When Mr. Gibson awoke the next morning, he was sore and had a headache. Mr. Gibson first sought medical treatment for injuries stemming from the accident on September 6, 2016. Mr. Gibson stated that no one from the casino tried to get in contact with him following the incident.

For the purpose of the motion and exception, Mr. Gibson did not dispute that the subject accident occurred on August 13, 2016, as established by defendants' documentary evidence. Instead, in opposition to the motion for summary judgment, Mr. Gibson argued that material issues of fact existed in this case, precluding the entry of summary judgment in this case. According to Mr. Gibson, these contested material facts include: whether defendants provided Mr. Gibson with documentation that would confirm the correct date of the accident; whether defendants telephoned Mr. Gibson to discuss the accident with him; whether the defendants who compiled the evidence provided it to the insurance adjuster with whom Mr. Gibson's attorney communicated with about the accident; whether

4

defendants adequately responded to Mr. Gibson's attorney's request for information about the accident; whether there was any impediment preventing defendants from providing Mr. Gibson's attorney with copies of reports and videos relevant of the accident; whether defendants concealed true and important facts about the occurrence of the accident from Mr. Gibson's attorney; and whether defendants misled Mr. Gibson's attorney about the actual date of the accident. Mr. Gibson urged that the doctrine of *contra non valentem* should be applied by the court to suspend the running of prescription, insisting that defendants withheld information that would have allowed him to timely file his lawsuit. Specifically, Mr. Gibson focused on the fact that after his attorney wrote to defendants asking for "information," the attorney received two responses indicating that the "date of loss" was August 19, 2016, a date they knew was incorrect. Mr. Gibson argued that despite his attorney's request for information regarding the accident, defendants remained silent about its true date and played on Mr. Gibson's uncertainty as to the date of the accident by inducing Mr. Gibson to believe something they knew to be untrue. According to Mr. Gibson, it would be unfair to permit defendants to profit from their concealment and refusal to disclose information about the correct date of Mr. Gibson's accident. Further, Mr. Gibson submitted, defendants would not be prejudiced by allowing the lawsuit to be maintained, as they knew about the accident and had ample opportunity to view reports and videos of the accident. No evidence was attached to Mr. Gibson's memorandum to support his opposition to the motion for summary judgment or to controvert the prescription objection.

A hearing on the motion and exception was held, during which defendants offered the entire record as evidence, including the exhibits attached to their

motion for summary judgment.[1] Mr. Gibson did not offer any evidence at the hearing to support his *contra non valentem* argument. The trial court found that Mr. Gibson had not demonstrated that defendants concealed information or mislead him. Based on the uncontroverted fact that the lawsuit was not filed within one year of the date of the accident, the trial court sustained the prescription objection.

On June 18, 2019, the trial court signed a judgment sustaining the objection of prescription, granting the motion for summary judgment, and dismissing all of Mr. Gibson's claims against defendants with prejudice. This appeal, taken by Mr. Gibson, followed.

## DISCUSSION

Mr. Gibson's delictual action is subject to a prescriptive period of one year. This prescription commences to run from the day the injury or the damage is sustained. La. C.C. art. 3492; **Mulkey v. Century Indemnity Company**, 2019-1551 (La. App 1st Cir. 8/7/19), 281 So.3d 717, 721, writs denied, 2019-01534 (La. 11/25/19), 283 So.3d 495 and 2019-01576 (La. 11/25/19) ____ So.3d ____ (2018 WL 6523175). In this case, the lawsuit was not prescribed on the face of the petition, as Mr. Gibson alleged that the accident occurred on August 19, 2016, and the lawsuit was filed within one year of that date. Since the petition had not prescribed on its face, defendants bore the burden of proving that the lawsuit was prescribed. **Mulkey**, 281 So.3d at 721.

At the trial on the peremptory exception, evidence may be introduced to support or controvert the exception when the grounds thereof do not appear from

---

[1] We note that there are two completely different standards for an exception hearing as opposed to a hearing on a motion for summary judgment. See La. C.C.P. arts. 931, 966. While evidence may be introduced at a hearing on a peremptory exception raising the objection of prescription, evidence may not be introduced at a hearing on a motion for summary judgment. The only documents that may be considered by the court on a motion for summary judgment are those documents properly attached to the motion or opposition. See La. C.C.P. art. 966 (D)(2).

the petition. La. C.C.P. art. 931; **Mulkey**, 281 So.3d at 721. If evidence is introduced on the peremptory exception, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Id.** Pursuant to this standard of review, if the findings are reasonable in light of the record viewed in its entirety, an appellate court may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. **Id.**

Defendants introduced evidence demonstrating that the subject accident did not occur on August 19, 2016, as alleged in the petition, but occurred on August 13, 2016. This evidence is uncontroverted. Therefore, defendants satisfied their burden of proving that Mr. Gibson's lawsuit was filed more than one year from the date of the accident in which his injuries were sustained, falling outside the prescriptive period of La. C.C. 3492.

Because the defendant offered evidence which established that the lawsuit was filed outside the one-year prescriptive period, Mr. Gibson bore the burden of proving with competent evidence that prescription was interrupted or suspended. See **Raborn v. Albea**, 2013-0633 (La. App. 1st Cir. 4/16/14), 144 So.3d 1066, 1071, writ denied, 2014-1239 (La. 9/26/14), 149 So.3d 264. Mr. Gibson maintains that prescription on his cause of action was suspended under the jurisprudential doctrine known as *contra non valentem non currit praescriptio*, which means that prescription does not run against a party unable to file suit. **Jenkins v. Starns**, 2011-1170 (La. 1/24/12), 85 So.3d 612, 623. Courts have applied the suspensive theory of *contra non valentem* in four circumstances. Mr. Gibson contends that the third and fourth categories of *contra non valentem* may apply in this case to suspend the running of prescription on his claim. In the third category, *contra non valentem* has been applied when the defendant has done some act to prevent the

7

plaintiff from availing himself of his cause of action. In the fourth category, courts have applied the doctrine to suspend the running of prescription when the cause of action is not reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. See **Jenkins**, 85 So.2d at 623.

The Supreme Court has made it clear that the doctrine of *contra non valentem* applies only in "exceptional circumstances." **Marin v. Exxon Mobil Corp.**, 2009-2368 (La. 10/19/10), 48 So.3d 234, 245. In Marin, the court stated that "this principle will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." Thus, the fourth category of *contra non valentem* will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect. **Marin**, 48 So.3d at 246. Since it has been established that the plaintiff's accident occurred on August 13, 2016, the issue becomes whether or not the plaintiff could have learned of the date of his accident by reasonable diligence.

Mr. Gibson failed to offer evidence demonstrating that his cause of action was not reasonably knowable to him on August 13, 2016. Mr. Gibson was accompanied at the casino with two friends when a speaker fell from the ceiling and hit him in the head. The cause of Mr. Gibson's injuries and damages were immediately known to Mr. Gibson at the time of the accident. While Mr. Gibson may have been momentarily "dazed" by the accident, he recalled providing information to casino employees and that one of the employees appeared to be writing a report of the incident. Mr. Gibson could have easily ascertained the correct date of the accident by requesting a copy of the incident report. Further, he could have questioned his friends or his fiancé to ascertain the actual date of the

8

accident. In short, Mr. Gibson failed to show that his disability, age, or temporary impairment from being hit by the speaker played any part in the untimely filing of his lawsuit. Therefore, the trial court's conclusion that the fourth category of *contra non valentem* did not apply under the circumstances of this case is entirely reasonable and is not manifestly erroneous.

In order for the third category of *contra non valentem* to apply, a plaintiff must demonstrate that: (1) the defendant engaged in conduct which rises to the level of concealment, misrepresentation, fraud or ill practices; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must have been reasonable in his inaction. **Marin**, 48 So.3d at 252.

Mr. Gibson offered no evidence to show that defendants did anything to prevent him from availing himself of his cause of action. The initial letter sent by plaintiff's attorney to the defendant listed the accident date as August 19, 2016. No evidence was introduced by Mr. Gibson as to why he did not know that the actual date was August 13, 2016. Subsequent letters sent by the insurance company referenced the date August 19, 2016, in accordance with the plaintiff's attorney's initial letter. The evidence shows that Mr. Gibson was aware a report was being prepared shortly after the incident by the casino, but there is no evidence demonstrating that Mr. Gibson or his attorney requested that report or any other evidence that may have been compiled in connection with his claim from the casino or the insurer. There are requests from the claims adjuster for additional information surrounding the incident and medical evidence regarding the nature of Mr. Gibson's injuries; however, there is no evidence showing that Mr. Gibson's attorney provided this evidence. In the absence of any evidence introduced by the plaintiff from which one could reasonably conclude that defendants misled Mr. Gibson regarding the actual date of the accident, the trial court did not manifestly

err in refusing to apply the third category of *contra non valentem* to suspend the running of prescription on Mr. Gibson's lawsuit.

For these reasons, we conclude that the trial court properly sustained the peremptory exception raising the objection of prescription. As we have resolved the matter before us on the prescription objection, we pretermit any discussion of the entry of summary judgment in favor of defendants.

## CONCLUSION

For the foregoing reasons, the judgment sustaining the peremptory exception raising the objection of prescription and dismissing this lawsuit with prejudice is affirmed. All costs of this appeal are assessed to appellant, Bernard Gibson.

**AFFIRMED.**

10